■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 8, 1985, convicting him of operating a motor vehicle while under the influence of alcohol, upon a jury verdict, and imposing sentence.

Ordered that judgment is reversed, on the law, and a new trial is ordered.

The defendant was charged with operating a motor vehicle while under the influence of alcohol. The results of a breathalyzer test revealed a blood alcohol level of .20 of 1 per cent. At trial the court charged that, "if you find, beyond a reasonable doubt, that the analysis was made by an individual, possessing a permit, issued by the Department of Health, that is presumptive evidence that the examination was properly given". Presumptive evidence is evidence which permits but does not require the trier of fact to find in accordance with the presumed fact, although no contradictory evidence has been presented. Subsequent to the trial of this action the Court of Appeals held a charge similar to the one given here had the effect of shifting the burden of proof to the defendant, because the jury may have believed that the charge required them to accept the breathalyzer test as properly given in the absence of testimony to the contrary *(People v Mertz,* 68 NY2d 136, 148).

The People's contention that the erroneous charge was

harmless error is without merit. Since proof of the defendant's blood alcohol level was an essential element of the crime, the court's charge, which shifted the burden of proof to the defendant as to this element, presented a reasonable possibility that the error might have contributed to his conviction and was thus not harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237). Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.